Richard J. BROOKS, a citizen, et al., Plaintiffs,

v.

John A. VOLPE, as Secretary of the United States Department of Transportation, et al., Defendants.

No. 9144.

United States District Court,
W. D. Washington,
at Seattle.
Sept. 25, 1970.

Irving M. Clark, Jr., Seattle, Wash., for plaintiffs.

Stan Pitkin, U. S. Atty., Albert E. Stephan, First Asst. U. S. Atty., Seattle, Wash., for federal defendants.

## MEMORANDUM DECISION

BEEKS, District Judge.

Plaintiffs seek a preliminary injunction to enjoin construction of the proposed westbound lanes of interstate highway I-90 from Olallie Creek to Airplane Curve immediately west of the summit of Snoqualmie Pass in the Cascade Mountain Range of the State of Washington. The basis of their claim is non-compliance with Section 138 of the Federal-Aid Highway Act of 1968, 23 U.S.C.A. 138 and, as to the federal defendants, non-compliance with Section 102 of the National Environmental Policy Act of 1969, Public Law 91–190; 83 Stat. 852, approved January 1, 1970, and that because of such violations the highway will irreparably harm prime recreational facilities.

The threshold question the Court must decide in connection with the issuance of a preliminary injunction is whether plaintiffs have established a reasonable probability of success in a trial on the merits. For this purpose I shall assume this Court has jurisdiction, that plaintiffs have standing to bring this action, that the complaint states a cause of action, and that Section 102 of Public Law 91–190 prospectively contemplates the making of a detailed statement as required by Section 102(C) in a situation such as is here involved.

Section 138 of Title 23 U.S.C.A. restricts and conditions the *use* of public parks, recreational areas and wildlife/waterfowl refuges for highway use. Plaintiffs contend that a surrounding of Denny Creek and Asahel Curtis campground areas with highways is a *use* of such areas. From the evidence before me, however, I am not persuaded that the existing highway to the south of the campground areas and/or the proposed highway to the north of the areas results in a *use* contemplated by the statute.

Plaintiffs next contend that the federal defendants failed to make the detailed statement required by Section 102(C) of Public Law 91–190. Plaintiffs' contentions are broad and general but, generalities eliminated, the main thrust of plaintiffs' argument concerns the location of the highway, i.e., that it

should be located elsewhere than on the northern border of the campground/recreational areas in question. The administrative determination with respect to the highway location was made in 1967. To give effect to plaintiffs' contention would require a retrospective application of Section 102. A statute will not be construed as retrospective, however, unless the Act clearly, by express language or necessary implication, indicates Congress so intended. It is the Court's view that the section in question operates only prospectively.

Accordingly, the answer to the threshold question is negative and a preliminary injunction will be denied. The Court will make findings of fact and rule on defendants' Motion for Summary Judgment in due course.