**Richard J. BROOKS, a citizen, et al.,
Plaintiffs,**

**v.**

**John A. VOLPE, as Secretary of the United States Department of Transportation, et al., Defendants.**

**No. 9144.**

United States District Court,
W. D. Washington,
at Seattle.
April 6, 1971.

Irving Clark, Jr., Seattle, Wash., for plaintiffs.

Stan Pitkin, U. S. Atty., Albert E. Stephan, First Asst. U. S. Atty., Seattle, Wash., for federal defendants.

Thomas R. Garlington, Asst. Atty. Gen., Tumwater, Wash., for state defendants.

## OPINION

BEEKS, District Judge.

This Court has heretofore entered a Memorandum Decision denying plaintiffs' motion for a preliminary injunction. Brooks v. Volpe, 319 F.Supp. 90 (W.D.Wash., Sept. 25, 1970). The par-

ties have subsequently stipulated to the relevant facts, and the case has been submitted to the Court on such facts for decision on the merits. Issues to be decided are: (1) whether this Court has jurisdiction, (2) whether plaintiffs have standing to bring this action, and (3) whether the Complaint states a cause of action entitling plaintiffs to relief. These issues shall be discussed seriatim.

■■ In their Complaint, plaintiffs allege that defendants have failed to comply with Section 18(a) of the Federal-Aid Highway Act of 1968 [1] and with Section 102(2) (C) of the National Environmental Policy Act of 1969.[2] Moreover, plaintiffs contend that defendants have acted beyond their statutory powers and seek to enjoin them from taking further action until alleged prerequisite procedures have been followed. By virtue of these allegations, this Court has jurisdiction pursuant to 5 U.S.C. § 706 and 28 U.S.C. § 1331,[3] and the action is not barred by the doctrine of sovereign immunity.[4]

■ The standing of plaintiffs, two individuals and three conservation organizations, is also at issue. Since the individuals claim to use the Denny Creek Campground for their own personal enjoyment, and construction of the proposed west-bound lanes of I–90 in question will allegedly interfere with their enjoyment of said area, they clearly have standing to sue. The North Cascades Conservation Council, The Alpine Lakes Protection Society, and The Federation of Western Outdoor Clubs, on the other hand, do not have such standing.[5] The requirement that litigants have standing to sue is not met by an association, such as these, simply be-

---

1. 23 U.S.C. § 138 (Supp.1971).

2. 42 U.S.C. § 4332(2) (C) (Supp.1971).

3. See Pennsylvania Environmental Council v. Bartlett, 315 F.Supp. 238, 240 n. 1 (M.D.Pa.1970); Citizens Committee for the Hudson Valley v. Volpe, 302 F. Supp. 1083, 1091 (S.D.N.Y.1969).

4. See Washington v. Udall, 417 F.2d 1310 (9th Cir. 1969).

5. Although the Alpine Lakes Protection Society operates an outing program for the purpose of familiarizing the general public with the Alpine Lakes area, it does not have standing within the meaning of *Alameda* since it is not alleged that its program will be adversely affected by the construction of the portion of I–90 in question.

cause the organization has as its purpose such laudable goals as preservation of the scenic, recreational, and wilderness values of areas such as Alpine Lakes. Alameda Conservation Ass'n v. California, (9th Cir., Jan. 19, 1971), 437 F.2d 1087.

With regard to the third issue, plaintiffs' attack on the propriety of procedures followed by defendants relates only to the proposed highway's location. For the reasons stated in Brooks v. Volpe, *supra*,[6] this issue must be resolved in the negative and in favor of defendants.

Accordingly, this action is dismissed. This Opinion, including the stipulated facts, which are by reference incorporated. herein, shall constitute Findings of Fact and Conclusions of Law, as required by Rule 52, Federal Rules of Civil Procedure. Defendants' counsel shall prepare a decree in accordance herewith for presentation to the Court upon five (5) days notice.

---

6. In Brooks v. Volpe, *supra*, this Court held that Section 102(2) (C) of the National Environmental Policy Act of 1969 shall not be given retrospective effect.