Richard J. BROOKS, a citizen, et al.,
Appellants,

v.

John A. VOLPE, as Secretary of the United States Department of Transportation, et al., Appellees.

No. 71–1908.

United States Court of Appeals,
Ninth Circuit.

March 2, 1972.

Rehearing Denied May 8, 1972.

Irving M. Clark, Jr. (argued), Seattle, Wash., for appellants.

Thomas R. Garlington, Asst. Atty. Gen. (argued), Slade Gorton, Atty. Gen., James P. Walsh, Asst. Atty. Gen., Tumwater, Wash., George M. Hyde (argued), Dept. of Justice, Shiro Kashiwa, Asst. Atty. Gen., Civ. Div., Washington, D. C., for appellees.

Before CHAMBERS, HAMLEY and GOODWIN, Circuit Judges.

ALFRED T. GOODWIN, Circuit Judge:

Individual and corporate plaintiffs appeal from a judgment dismissing their action against state and federal officials to stop the construction of a segment of Interstate Highway I–90 because of non-

compliance with the National Environmental Policy Act of 1969, 42 U.S.C. §§ 4321, 4331–4335, 4341–4347 (NEPA).

■ The district court held that the NEPA provisions did not apply to the challenged highway. Brooks v. Volpe, 319 F.Supp. 90 (W.D.Wash.1970), 329 F. Supp. 118 (1971). This view of NEPA was rejected in a case dealing with a nearby segment of the same highway. Lathan et al. v. Volpe et al., 455 F.2d 1111 (9th Cir. 1971), on petition for rehearing, 455 F.2d 1122 (1972). Much of the decision in *Lathan* applies to this case. Department of Transportation Policy and Procedure Memorandum (PPM) 90–1 (issued August 24, 1971, after this case was tried) likewise directs compliance with NEPA.

The federal defendants now concede that NEPA requires an environmental-impact statement. They say they are preparing the statement and will file it. While the state defendants do not make this concession, *Lathan* allows no further debate.

■ Plaintiffs assert that the district court erred in finding, as a fact, that the encirclement of an alpine campground near the summit of Snoqualmie Pass by the challenged freeway is not a "use" of the affected area within the meaning of Section 18(a) of the Federal-Aid Highway Act of 1968, 23 U.S.C. § 138. The statutory construction of the word "use" involves a question of law, and this court is not bound by the district court's characterization of its interpretation as a finding of fact.

■■ The word "use" is to be construed broadly in favor of environmental statements in cases in which environmental impact appears to be a substantial question. Citizens to Preserve Overton Park, Inc. v. Volpe, 401 U.S. 402, 412, 91 S.Ct. 814, 821, 28 L.Ed.2d 136 (1971); D. C. Federation v. Volpe, 459 F.2d 1231 (D.C. Cir. 1971). Application of this principle in the present case requires that the encirclement of

the Denny Creek Campground by the challenged freeway be recognized as a "use" of that campground within the meaning of 23 U.S.C. § 138.

Error is also assigned to the district court's finding that the corporate plaintiffs lacked standing to bring the action. We do not reach the standing of the corporate parties, because the individual plaintiffs, whose standing was not challenged, have presented every question necessary to the disposition of this litigation.

The judgment is reversed and the cause is remanded to the district court with directions to retain jurisdiction for such review as may be appropriate after the environmental-impact statement is filed. The district court shall make the necessary orders, and shall enjoin further construction if there has not been full compliance with the controlling legislation within sixty days of the entry of our judgment herein. If such an injunction is entered pursuant to this direction, it shall be vacated if and when there is such full compliance.

Reversed and remanded with directions.

### ORDER

The panel as constituted in the above case has voted to deny the petition for rehearing and to reject the suggestion for a rehearing in banc.

In the petition for rehearing, the state defendants represent that they cannot meet the time requirements of the judgment of this court entered on March 2, 1972. The panel accepts the statement that the state officials are moving as rapidly as possible to comply with the judgment, and therefore it is ordered that the time for compliance be extended until June 15, 1972.

The full court has been advised of the proposal to amend the opinion as ordered above, and of the suggestion for in banc rehearing, and no judge has objected to the amendment or requested

a vote on the suggestion for rehearing in banc. Fed.R.App.P. 35(b).

The petition for rehearing is denied and the suggestion for a rehearing in banc is rejected. No further petition for rehearing may be filed.